**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 10-20235

HONORABLE DENISE PAGE HOOD

AARON LAMONT SCOT (D-9) and
LARRY DOUGLAS RODGERS (D-6),

    Defendants.

_____/

## ORDER REGARDING MOTIONS

**I.    BACKGROUND**

Defendant Aaron Lamont Scott is charged with: Conspiracy to Distribute and to Possess with Intent to Distribute More than Five Kilograms of a Controlled Substance-Cocaine, 21 U.S.C. §§ 846, 841(a)(1) (Count 1); Maintaining a Drug-Involved Premises, 21 U.S.C. § 856(a)(1) (Count 15); Possession of Cocaine Base with Intent to Distribute, 21 U.S.C. § 841(a)(1) (Count 16); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)(A) (Count 17); and, Unlawful Use of a Communication Facility, 21 U.S.C. § 843(b) (Count 18).

Co-Defendant Larry Douglas Rodgers is charged with: Conspiracy to Distribute and to Possess with Intent to Distribute More than Five Kilograms of a Controlled Substance-Cocaine, 21 U.S.C. §§ 846, 841(a)(1) (Count 1); Unlawful Use of a Communication Facility, 21 U.S.C. § 843(b) (Count 9); Maintaining a Drug-Involved Premises, 21 U.S.C. § 856(a)(1) (Count 12); and, Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1) (Count 13).

This matter is before the Court on a Motion in Limine filed by Scott and a second Motion

to Suppress filed by Larry Rodgers. Responses have been filed and oral arguments were held.

## II. ANALYSIS

### A. Motion In limine re Rule 404(b) evidence filed by Scott (#267)

Scott seeks to exclude evidence of an arrest (uncharged) of Defendant and two other individuals by the Detroit Police Department on October 20, 2010 at the same location which was the subject of the search warrant executed three months earlier by the Drug Enforcement Agency on July 9, 2010. Scott was arrested based on the July 9, 2010 search warrant. The Government seeks to offer the October 20, 2010 events against Scott to show intent, plan, motive, method of operation, absence of mistake or accident.

Evidence is relevant under Rule 401 of the Federal Rules of Evidence if "it has any tendency to make a fact more or less probable than it would be without the evidence." Fed. R. Evid. 401(a). Rule 402 provides that relevant evidence is admissible unless otherwise prohibited. Fed. R. Evid. 402. Rule 403 states that relevant evidence may be excluded "if its probative value is substantially outweighed by a danger of ... unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Trial courts have broad discretion in determining whether to admit evidence based on considerations of relevance, materiality and prejudice. *United States v. Jackson-Randolph,* 282 F.3d 369, 376 (2002). Character evidence or other crimes or acts are covered by Rule 404(b), which provides:

> (1) Prohibited Uses. Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
>
> (2) Permitted Uses; Notice in a Criminal Case. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

2

Fed. R. Evid. 404(b). Courts have recognized the use of other crimes as permissible as evidence at trial. *United States v. Blankenship,* 775 F.2d 735, 739 (6th Cir. 1984). A three-step inquiry as to admissibility of 404(b) evidence is used: 1) whether sufficient evidence exists that the prior act occurred; 2) whether the "other act" is admissible for a proper purpose under Rule 404(b); and, 3) determine whether the "other acts" evidence is more prejudicial than probative under Rule 403. *United States v. Poulsen,* 655 F.3d 492, 508 (6th Cir. 2011).

As to the initial finding of relevancy, it appears that the October 20, 2010 arrest at the same location may be relevant to the pending charges against Scott–intent to distribute controlled substances and maintaining a drug-involved premises. Applying the three-step inquiry, there is sufficient evidence exists that the incident occurred. The Government has proffered the purpose of introducing the October 20, 2010 arrest and search of the premises, including intent, motive, preparation, method of operation, absence of mistake. The Government has met the second step of the inquiry. Weighing the evidence, which is prejudicial, the probative value outweighs the prejudicial effect. Scott's defense is that he did not have knowledge as to what was on the premises in July 2010. The incident on October 20, 2010 would rebut this lack of knowledge defense given that he was arrested in July 2010 at the same location. The charges at issue are specific intent crimes– intent to distribute in addition to being part of a larger conspiracy to distribute. The October 20, 2010 incident would show intent, motive, plan, preparation and methods of operation.

The Court denies the Motion in Limine, but will entertain any limiting instructions presented at trial on this issue.

      **B.**      **Motion to Suppress filed by Larry Rodgers (#265)**

Larry Rodgers seeks to suppress the evidence found at the home he resides located at 11761

Elmdale Street, Detroit, Michigan. Larry Rodgers argues that the affidavit to support the search warrant was based on applications to intercept wire ane electronic communications which were illegal and based on false and misleading information. Specifically, Larry Rodgers argues that information from Jeffrey Weems' statements were false. Mr. Weems was subpoenaed to appear at a July 8, 2011 motion, but did not appear. Larry Rodgers argues that Mr. Weems' statements to the agents led to the interception of "target telephone 2", which was co-defendant Alexis Rodgers' telephone. Along with the endorsement of Special Agent Robert T. Ziskie as to Mr. Weems' statements, the electronic surveillance application was signed by the Honorable Bernard A. Friedman on January 22, 2010. Since the applications were illegal, Larry Rodgers argues that the evidence which was obtained as a result of the search warrant issued for the Elmdale address based on the information from the electronic surveillance application, such evidence should be suppressed.

The Government opposes the motion indicating that collateral estoppel is appropriate since the Court has ruled on the electronic surveillance issue and has held suppression hearings at the request of Larry Rodgers.

It is noted that the Court previously that the statements made by Larry Rodgers to the agents and officers at the Elmdale address and after his arrest will not be suppressed. The Court also previously ruled that the wiretap authorization at issue in this motion was proper and denied Alexis Rodgers' Motion to Suppress, which Larry Rodgers joined in the motion. Therefore, based on the law of the case doctrine, the instant motion must be denied. Essentially, the instant motion is a Motion for Reconsideration, which is filed beyond the 14 days under E.D. Mich. L.R. 7.1. The Order denying the Motion to Suppress was filed on November 18, 2011. The instant Motion to Suppress was filed on April 18, 2012, well-beyond the 14 days allowed under E.D. Mich. LR 7.1.

4

Even if timely, the same issues have been ruled upon by the Court. Even if the Court were to consider the motion, Larry Rodgers has a heavy burden to establish that an evidentiary hearing is required and that the wiretap authorization was improper.

A wiretap authorization order is presumed proper, and a defendant carries the burden of overcoming that presumption. *See, United States v. Feldman,* 606 F.2d 673, 679 n. 11 (6th Cir. 1979). Great deference is normally paid to the determination of an issuing judge as to whether a particular affidavit establishes probable cause to issue a wiretap order. *United States v. Alfano,* 838 F.2d, 151, 162 (6th Cir. 1988). The fact that a later trial judge or reviewing court may feel that a different conclusion was appropriate does not require, nor even authorize, the suppression of evidence gained through such a warrant. *Id.* Title III provides for suppression of intercepted communications only "if the disclosure of that information would be in violation of this chapter." 18 U.S.C. § 2515. Any "aggrieved person" may seek suppression if "(i) the communication was unlawfully intercepted; (ii) the order of authorization or approval under which it was interpreted is insufficient on its face; or (iii) the interception was not made in conformity with the order of authorization or approval." *United States v. Gray,* 521 F.3d 514, 521-22 (6th Cir. 2007).

The basic standards for a wiretap are similar to those for a search warrant, but there also must be strict compliance with Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-2520." *Alfano,* 838 F.2d at 161-62. Title III provides that the application must contain a statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous. 18 U.S.C. § 2518(c). A wiretap application must be supported by circumstances indicating "probable cause to believe that evidence of a crime will be uncovered." *Alfano,* 838 F.2d at 161-62. Such evidence

5

"must be judged on the totality of the circumstances and in a reasonable and common sense manner." *Id.* at 162. Paragraphs in supporting affidavits should not be read "in isolation from the remainder of the affidavit." *United States v. Landmesser,* 553 F.2d 17, 20 (6th Cir. 1977). The affidavits should not be subjected to "line-by-line scrutiny" or interpreted "in a hypertechnical, rather than a commonsense, manner." *Illinois v. Gates,* 462 U.S. 213, 245 n. 14 (1983). An affidavit establishes probable cause if the circumstances set forth therein indicate "a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 238.

A defendant challenging the validity of an affidavit supporting a search warrant has a substantial burden to overcome before an evidentiary hearing is required. *Franks v. Delaware,* 438 U.S. 154, 171-72 (1978). Allegations of negligence or innocent mistake are insufficient. *Id.* There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof and must point out specifically the portion of the warrant affidavit that is claimed to be false. *Id.*

In this case, Larry Rodgers has not met his burden, in light of the Court's previous ruling. The issue of whether Mr. Weems should have testified is moot given that Larry Rodgers has not met his heavy burden that an evidentiary hearing is required. Larry Rodgers only asserts what he believes are misrepresentations by Mr. Weems, without an offer of proof.

The Court denies Larry Rodgers' Motion to Suppress and the Motion for leave to file late motion challenging probable cause and for evidentiary hearing is moot.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion in Limine regarding Rule 404(b) Evidence **(No. 267)** filed

by Defendant Aaron Lamont Scott is DENIED. Defendant Scott may present a proposed limiting instruction to the Court at trial, after conferring with the Government.

IT IS FURTHER ORDERED that the Motion to Suppress and for an Evidentiary Hearing **(No. 265)** filed by Defendant Larry Douglas Rodgers is DENIED.

IT IS FURTHER ORDERED that the Motion for Leave to File Late Motion regarding Probable Cause **(No. 266)** filed by Defendant Larry Douglas Rodgers is MOOT.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: November 2, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 2, 2012, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager