# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

Case No. 10-20235

HONORABLE DENISE PAGE HOOD

AARON LAMONT SCOTT (D-9),

    Defendant.

_____/

## ORDER DENYING MOTION TO SUPPRESS SEARCH WARRANT AND FOR EVIDENTIARY HEARING

**I.    BACKGROUND**

Defendant Aaron Lamont Scott is charged with: Conspiracy to Distribute and to Possess with Intent to Distribute More than Five Kilograms of a Controlled Substance-Cocaine, 21 U.S.C. §§ 846, 841(a)(1) (Count 1); Maintaining a Drug-Involved Premises, 21 U.S.C. § 856(a)(1) (Count 15); Possession of Cocaine Base with Intent to Distribute, 21 U.S.C. § 841(a)(1) (Count 16); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)(A) (Count 17); and, Unlawful Use of a Communication Facility, 21 U.S.C. § 843(b) (Count 18).[1]

This matter is before the Court on Scott's Motion to Suppress search warrant and for an evidentiary hearing. The Government filed a response to the Motion to Suppress.

**II.    ANALYSIS**

Scott seeks to suppress the search warrants issued for the Yonka and Wexford addresses claiming that the facts alleged in the affidavits do not establish sufficient probable cause to search

---

[1] A Second Superceding Indictment was filed on November 6, 2012.

the premises. Scott asserts that the affidavit contains false and misleading statements. Scott claims that the agent knew at the time the affidavit was sworn to that Scott had ended his participation in the conspiracy months before.

The Government responds that the motion to suppress should be denied because the search warrants were based on affidavits with ample probable cause and were not stale. The Government asserts that Scott has failed to establish that he is entitled to a *Franks* hearing. The Government states that the agents relied in good faith on the issuance of the warrant.

Generally, the Fourth Amendment requires officers to obtain a warrant prior to conducting a search. *United States v. Smith,* 510 F.3d 641, 647 (6th Cir. 2007). "A warrant will be upheld if the affidavit provides a 'substantial basis' for the issuing magistrate to believe 'there is a fair probability that contraband or evidence of a crime will be found in a particular place.'" *Id.* at 652 (quoting *Illinois v. Gates,* 462 U.S. 213, 238 (1983)). The probable cause standard is a "practical, non-technical conception" that leads with the "factual and practical considerations of everyday life." *United States v. Frazier,* 423 F.3d 526, 531 (6th Cir. 2005)(quoting *Gates,* 42 U.S. at 231). "Courts should review the sufficiency of the affidavit in a commonsense, rather than hypertechnical manner." *United States v. Greene,* 250 F.3d 471, 479 (6th Cir. 2001). "[R]eview of an affidavit and search warrant should rely on a 'totality of the circumstances' determination, rather than a line-by-line scrutiny." *Id.* A magistrate judge's determination of probable cause should be paid great deference by a reviewing court. *United States v. Allen,* 211 F.3d 970, 973 (6th Cir. 2000)(en banc). A court's review of the sufficiency of the evidence supporting probable cause is limited to the information presented in the four-corners of the affidavit and the court cannot consider any other testimony. *Frazier,* 423 F.3d at 531. "To justify a search, the circumstances must indicate why

evidence of illegal activity will be found 'in a particular place.' There must, in other words, be a 'nexus between the place to be searched and the evidence sought.'" *United States v. Carpenter,* 360 F.3d 591, 594 (6th Cir. 2004).

If an affidavit is found to be defective, the Supreme Court has held that the exclusionary rule be modified, "so as not to bar the admission of evidence seized in reasonable, good-faith reliance on a search warrant that is subsequently held to be defective." *United States v. Leon,* 468 U.S. 897, 905 (1984). Searches pursuant to a warrant will rarely require any deep inquiry into reasonableness, for a warrant issued by a magistrate normally suffices to establish that a law enforcement officer acted in good faith in conducting the search. *Id.* at 922. The good faith inquiry is to be made objectively and the following exceptions to the good faith inquiry may be considered: 1) the supporting affidavit contained knowing or reckless falsity; 2) the issuing magistrate wholly abandoned his or her judicial role; 3) the affidavit is so lacking in probable cause to render official belief in its existence entirely unreasonable; or 4) the officer's reliance on the warrant was neither in good faith nor objectively reasonable. *Id.* at 923. A defendant challenging the validity of an affidavit supporting a search warrant has a substantial burden to overcome before an evidentiary hearing is required. *Franks v. Delaware,* 438 U.S. 154, 171-72 (1978). Allegations of negligence or innocent mistake are insufficient. *Id.* There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof and must point out specifically the portion of the warrant affidavit that is claimed to be false. *Id.*

Task Force Officer John Walker, a Sergeant with the Livonia Police Department, submitted an affidavit in support of the search warrant for the Wexford and Yonka, Detroit, Michigan addresses on July 8, 2010. The investigation of a Michigan-based marijuana and cocaine trafficking

organization began in December 2008. (Aff., ¶ 1) In June 2009, agents participated in a controlled purchase of approximately 93.2 grams of cocaine. (Aff., ¶ 2) A search warrant was executed on a cellular telephone number, referred to as "Rodgers Alternate Phone" on August 7, 2009. (Aff., ¶ 6) A review of the text messages related to the Rodgers Alternate Phone identified narcotics related text messages from a cellular phone, with the subscriber as "Aron Scott". (Aff., ¶ 7) Paragraph 8 of the affidavit sets forth the text messages exchanged between these two phones. (Aff., ¶ 8) TFO Walker set forth in the affidavit that based on his training and experience and knowledge of the investigation that the conversations between the two phones related to trafficking of narcotics. (Aff., ¶ 9) A check of public databases identified "Aaron Lamont Scott" as the owner of a property in Detroit, but his driver's license lists a different address in Detroit. (Aff., ¶ 10) Special Agent Jillian Fitch went to Yonka address on September 14, 2009 where she observed a 2002 silver Pontiac Montana, which was the same vehicle driven by Alexis Rodgers in late June 2009 during the time A. Rodgers supplied co-defendant Albert Huff with the cocaine that was purchased by the task force. (Aff., ¶ 11)

Authorized Title III interceptions showed an outgoing call from the phone number used by Scott to Alexis Rodgers. (Aff., ¶¶ 13-14) The intercepted call revealed that Scott was at the Yonka address where there was money and that Scott was on his way to the Wexford address where A. Rodgers was intending to drop off drugs to Scott. (Aff., ¶ 14) More calls were intercepted on January 23, 24, 25, 27, 29, 2010 involving drug transactions. (Aff., ¶¶ 15-17)

On February 1, 2010, agents intercepted a call where A. Rodgers told Scott that he was on Scott's block. Agents Fitch and TFO John Heppner observed A. Rodgers driving a silver Mercedes Benz pull up and stop in front of Scott's residence on Wexford. (Aff., ¶ 24) TFO Heppner observed

4

a beige Ford Taurus. A young, black male exited and entered the passenger's side of the Mercedes, and then returned to the Taurus. (Aff., ¶ 25) Agent Robert Ziskie then observed the driver of the Taurus, who the TFO identified as Scott, in front of the Yonka address. (Aff., ¶ 26)

TFO Walker conducted a trash pull at the Yonka address on February 22, 2010 where one white plastic bag was removed and investigators found loose marijuana stems, two clear plastic baggies and mail addressed to Aron Scott. (Aff., ¶ 27) Field test revealed presence of marijuana/THC. (Aff., ¶ 27) On July 7, 2010, TFO Walker conducted a trash pull at the Yonka address, with a field test revealing white powder residence, the presence of cocaine and marijuana/THC. (Aff., ¶ 28) The search warrant was issued and executed on July 8, 2010.

Based on the four corners review of the affidavit, there was sufficient indication that illegal activity would be found at the Yonka and Wexford addresses. The task force investigated the activities of certain individuals for months, including surveillances and wiretaps. There is sufficient nexus between the place to be searched and the evidence sought. The magistrate judge's determination of probable cause is to be given great difference. The totality of the circumstances supports the magistrate judge's determination. Scott has not shown, other than his conclusory allegations that the affidavit contains misleading information, that he is entitled to a *Franks* hearing.

At the hearing, Scott raised the argument that the affidavit omitted significant information which was not brought before the magistrate judge. Scott argued that the magistrate judge would not have issued the search warrant if such information was included in the affidavit. The information included: Scott was like family to A. Rodgers; other non-related drug conspiracy text messages should have been included; Scott's personal use of drugs; and that Scott worked for A. Rodgers. The Government indicated that Scott did not argue the issue of omission in his brief. The

5

Government argues that there is a higher threshhold to overcome if Scott's argument is that information from the affidavit was omitted.

In order to invalidate a search warrant, a defendant must show that misstatements and omissions by the affiant must be made knowingly and intentionally or with reckless disregard for the truth, which is a higher standard than a claim for a *Franks* hearing of showing that the omission rendered the search warrant constitutionally defective. *United States v. Carney,* 675 F.3d 1007, 1010 (6th Cir. 2012). The Court finds that the information which Scott alleged was not included in the affidavit does not meet the higher required to invalidate the search warrant.

### III. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that the Motion to Suppress the search warrant and for an evidentiary hearing (#297) is DENIED.

                                        S/Denise Page Hood
                                        Denise Page Hood
                                        United States District Judge

Dated: November 14, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 14, 2012, by electronic and/or ordinary mail.

                                        S/LaShawn R. Saulsberry
                                        Case Manager